**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **O.B.**

**No. 18-0268** (Braxton County 17-JA-59)

## MEMORANDUM DECISION

Petitioner Mother V.M., by counsel Bernard Mauser, appeals the Circuit Court of Braxton County's February 22, 2018, order terminating her parental and custodial rights to O.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support, in part, of petitioner's appeal. The guardian ad litem ("guardian"), David Karickhoff, filed a response in support, in part, of petitioner's appeal. On appeal, petitioner argues that the circuit court erred in finding sufficient evidence to adjudicate her as an abusing parent, terminating her parental rights during a hearing not noticed as a dispositional hearing, and holding a dispositional hearing before the filing of a family case plan.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court affirms the circuit court's adjudication of petitioner as an abusing parent, but vacates the circuit court's February 22, 2018, dispositional order and remands the case to the circuit court for the holding of a properly noticed dispositional hearing. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

In November of 2017, the DHHR filed a petition alleging that petitioner engaged in domestic violence and abused alcohol and controlled substances to that point that her ability to properly care for the child was inhibited. The DHHR alleged that in February of 2017, petitioner was drunk, damaged the family home, and was arrested for domestic battery, domestic assault, and possession of marijuana. The DHHR alleged that the child advised that petitioner would pick him up from school, drive to a gas station, and purchase a sixteen ounce bottle of "Bootlegger;" the child further advised that he believed the drink contained alcohol and petitioner would drink it as she drove him home. The DHHR alleged that the child did not feel afraid of petitioner, but was concerned about frequent arguments between petitioner and her husband.

Following petitioner's arrest, the DHHR alleged that it initiated a temporary protection plan and required the child be placed in the custody of his great-grandmother. The plan required petitioner to remain drug free, participate in drug screenings, and participate in services offered

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

by the DHHR. The safety plan was renewed in May of 2017. Following the renewal, the DHHR alleged that petitioner received multiple citations on three different occasions, which included citations for an open container of alcohol in her car, possession of marijuana, and possession of a controlled substance. Also, the DHHR alleged that petitioner told a DHHR worker that she would relocate with the child after her safety plan ended. The DHHR alleged that petitioner failed to fully participate in services and refused to comply with services.

The circuit court held a preliminary hearing in November of 2017; petitioner did not appear, but was represented by counsel. Counsel for petitioner indicated that petitioner was not served with the petition, but that he had spoken to petitioner and she agreed to waive her preliminary hearing.  The circuit court continued placement of the child with the great-grandmother, as required by the prior safety plan, ordered petitioner vacate the premises, and ordered that she have only supervised contact with the child.[2] The circuit court ordered the DHHR to schedule supervised visitation contingent on random drug screening. Later in November, the circuit court held an adjudicatory hearing; petitioner did not appear, but was represented by counsel. Counsel for petitioner indicated that she was still not served with the petition. The circuit court ordered the DHHR to serve petitioner by publication and continued the hearing. A subsequent "Notice of Adjudicatory Hearing" was served on the parties.

In January of 2018, the circuit court held an adjudicatory hearing; petitioner did not appear, but was represented by counsel. Counsel noted that he had not had contact with petitioner, but received a message from a third party in November of 2017 stating that petitioner was in the hospital. Counsel sent further messages to the third party, but received no response. The DHHR proceeded to call two DHHR case workers to testify. The workers testified that petitioner admitted that she was drinking alcohol and using marijuana on a regular basis and that she argued often with her husband. Additionally, the workers testified that the child observed petitioner drinking alcohol while driving, but that the child was not afraid of petitioner. According to the workers, a safety plan was implemented to protect the child and petitioner was sporadically compliant with that plan. The workers testified that petitioner never submitted to drug screens and received multiple citations for drug and alcohol related offenses during the safety plan.[3] The workers further testified regarding contact with petitioner's adult son. Petitioner's older son told the DHHR workers that petitioner would use alcohol and marijuana on a daily basis and would become very confrontational and dare him to hit her. Counsel for petitioner asked the DHHR whether they could search the medical card database to determine where petitioner was hospitalized. Counsel moved to continue the hearing and for the circuit court to order the DHHR to locate petitioner; however, the circuit court denied the motion. Further, the workers testified that petitioner had not contacted the DHHR since the petition was filed nor did she have any supervised contact with the child.

---

[2]It appears that petitioner lived with the child's great-grandmother during the safety plan. The petition lists the same address for both parties.

[3]Petitioner received citations during the pendency of the safety plan for three separate incidents: first, open container in her vehicle and no proof of insurance; second, possession of marijuana and driving with a suspended license; and third, possession of a controlled substance.

Ultimately, the circuit court found that the DHHR presented clear and convincing evidence that petitioner abused and neglected the child and adjudicated her as an abusing parent. The circuit court also found that there was no reasonable likelihood that the conditions of neglect or abuse would be corrected in the near future and, accordingly, terminated petitioner's parental and custodial rights. The circuit court's decision was memorialized by its February 22, 2018, order. Petitioner now appeals that order.[4]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, petitioner argues that the circuit court erred in finding clear and convincing evidence that she abused and neglected the child. According to petitioner, the DHHR presented no evidence that she was intoxicated while parenting or that her substance use negatively impacted her parenting.[5] We do not agree.

West Virginia Code § 49-1-201, in relevant part, defines a neglected child as one "[w]hose physical or mental health is harmed *or threatened* by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary food, clothing, shelter, supervision, medical care or education. . . ." (Emphasis added.) The circuit court correctly adjudicated petitioner as an abusing parent because her frequent alcohol and substance abuse created a threat to the child's physical health. It was clear from the evidence presented that

---

[4]The father relinquished his parental rights in November of 2017. According to the parties, the child remains in the home of his great-grandmother and the permanency plan is adoption in that home.

[5]Additionally, petitioner takes specific issue with the circuit court's finding that she abandoned the child by failing to visit with him and failing to provide support since the petition was filed. However, we find that it is unnecessary to address this argument, given the overwhelming evidence of domestic violence; petitioner's abuse of controlled substances and alcohol; and their effect on her ability to properly parent the child, as discussed more fully herein, because this evidence supports petitioner's adjudication as an abusing parent.

petitioner drank alcohol while driving with the child in the vehicle and that she continued to drink while driving after the DHHR intervention. Moreover, petitioner's substance abuse and domestic violence created a threat to the child's physical and mental health. Additionally, petitioner engaged in domestic violence with her husband in the presence of the child, which is further evidence of harm to the child's mental health. Further, it is clear that petitioner made no effort to remedy these conditions while under the terms of the DHHR's safety plan. Accordingly, we find no error in the circuit court's determination that the child was abused and neglected and that petitioner was an abusing parent.

Second, petitioner argues that the circuit court erred in proceeding to a dispositional hearing when the hearing was only noticed as an adjudicatory hearing.[6] Petitioner relies on Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, which provides that "[n]otice of the date, time, and place of the dispositional hearing shall be given to all parties, their counsel, and persons entitled to notice and the right to be heard." Additionally, petitioner cites Rule 32(b), which provides as follows:

> (b) *Accelerated disposition hearing*. - The disposition hearing immediately may follow the adjudication hearing if:
>
> (1) All parties agree;
>
> (2) A child's case plan meeting the requirements of W. Va. Code §§ 49-4-408 and 49-4-604 was completed and provided to the court or the party or the parties have waived the requirement that the child's case plan be submitted prior to disposition; and
>
> (3) Notice of the disposition hearing was provided to or waived by all parties as required by these Rules.

Petitioner contends that the parties did not agree to an accelerated dispositional hearing, the DHHR did not prepare a case plan nor was that requirement waived, and notice was neither provided to nor waived by all parties in the case. Therefore, the circuit court's failure to notice the parties of the dispositional hearing was erroneous. In their briefs on appeal, both respondents agree with petitioner's argument. We also agree with petitioner.

We have previously held that

---

[6]Petitioner also argues that the circuit court erred in proceeding to a disposition hearing before the DHHR filed a family case plan. However, this argument is subsumed by her argument that the circuit court did not properly notice the dispositional hearing and did not abide by Rule 32 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. While we find it unnecessary to rule on this specific assignment of error, given our direction that the matter be remanded for a properly noticed dispositional hearing, we do note that Rule 29 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires that "[c]opies of the child's case plan shall be provided to the parties, their counsel, and persons entitled to notice and the right to be heard, at least five (5) judicial days prior to the disposition hearing."

4

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Upon our review of the record, we find that the adjudicatory hearing was noticed for only the purpose of adjudication. By proceeding immediately to disposition in the case, the circuit court ignored Rules 31 and 32, as noted above. We have previously held that notice of the dispositional hearing is mandatory and that an accelerated dispositional hearing may be held only when the conditions of Rule 32 are met. *See In re Travis W.*, 206 W.Va. 478, 483, 525 S.E.2d 669, 674 (1999) (holding that a circuit court's failure to comply with Rule 31 and Rule 32 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings was a substantial disregard of process and required remand.) Accordingly, we find that the circuit court substantially disregarded the process established by the rules and that the case must be remanded for compliance with that process.

For the foregoing reasons, we affirm, in part, and vacate, in part, the circuit court's February 22, 2018, order as it relates to petitioner and remand this matter to the circuit court for the holding of a properly noticed dispositional hearing, and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code.[7] The circuit court is hereby ordered to hold the appropriate hearings and issue a final order in this case within sixty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Affirmed, in part, vacated, in part, and remanded.

**ISSUED**: June 15, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating

---

[7]Further, based on the representations of respondents and the record on appeal, the Court finds that the child's current temporary placement is appropriate and in his best interest at this time. Accordingly, we instruct the circuit court to maintain this temporary placement until such time as the circuit court is tasked with determining an appropriate permanent placement for the child pursuant to West Virginia Code § 49-4-604(b) and the applicable Rules of Procedure for Child Abuse and Neglect Proceedings.